IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON CLARK ROWE**                                                                                          **PLAINTIFF**

v.                                     Case No. 4:21-cv-00275-KGB

**SHELDON BULL, individually and
in his official capacity,** *et al.*                                                            **DEFENDANTS**

## ORDER

Before the Court are several pending motions, including separate defendant John Staley's motion to dismiss, separate defendant David "Butch" House's motion to stay proceedings in state court, plaintiff Brandon Clark Rowe's motion to dismiss party Little Rock Ambulance Authority, and separate defendants' Sheldon Bull, David House, and James Paulus's motion to dismiss (Dkt. Nos. 4, 8, 10, 12). On April 8, 2021, Mr. House removed this case to this Court from the Circuit Court of Lonoke County, Arkansas (Dkt. No. 1). The Court addresses each pending motion in turn.

      **I.**       **Mr. Staley's Motion To Dismiss**

On April 8, 2021, separate defendant Mr. Staley moved to dismiss (Dkt. No. 4). He asserted that he is the duly-elected Sheriff of Lonoke County, Arkansas, is named as a defendant in the complaint, but is not mentioned in the factual allegations section of the complaint and that no actions described in the complaint are attributed to him (*Id.*, at 1-2). Mr. Staley asserts that, because no facts supporting any claim against him are set out in the complaint, any claims against him in his individual capacity should be dismissed (*Id.*, at 3). He asserts that claims against him in his official capacity should be dismissed because the complaint fails to allege facts supporting an underlying constitutional violation by Sheriff Staley (*Id.*). Further, he argues that the negligence

claim fails as a matter of law against him because it is barred by statute under Arkansas law and not cognizable under 42 U.S.C. § 1983. (*Id.*).

The time for filing a response to Mr. Staley's motion to dismiss has passed, and plaintiff Mr. Rowe did not file a response.  Having considered the arguments asserted by Mr. Staley, the allegations against Mr. Staley in Mr. Rowe's complaint, and the controlling law, the Court grants Mr. Staley's motion to dismiss and dismisses Mr. Rowe's claims against Mr. Staley in his individual and official capacities (Dkt. No. 4).

## II.     Mr. House's Motion To Stay

On review of the docket in state court, the Circuit Court of Lonoke County, Arkansas, stayed the proceedings.  *See* Order, *Rowe v. Bull*, Case No. 43CV-20-726 (Ark. Cir. Ct. April 15, 2021).  Accordingly, the Court denies as moot Mr. House's motion to stay (Dkt. No. 8).

## III.    Mr. Rowe's Motion To Dismiss Party

On June 8, 2021, plaintiff Mr. Rowe filed a motion to dismiss without prejudice separate defendant Little Rock Ambulance Authority, doing business as Metropolitan Emergency Medical Services (Dkt. No. 10).  No party responded in opposition to the motion.  For good cause shown, the motion is granted (*Id.*).  The Court dismisses without prejudice Mr. Rowe's claims against separate defendant Little Rock Ambulance Authority.

## IV.     Separate Defendants' Motion to Dismiss

On January 28, 2022, separate defendants City of England, Sheldon Bull in his individual and official capacity, and James Paulus in his individual and official capacity motion to dismiss without prejudice plaintiff Mr. Rowe's claims for failure to serve these separate defendants (Dkt. No. 12).  Mr. Rowe opposes the motion to dismiss (Dkt. No. 14).  Separate defendants City of England, Mr. Bull, and Mr. Paulus filed a reply (Dkt. No. 16).  For the following reasons, the Court

denies the motion to dismiss without prejudice, finds excusable neglect under the circumstances, and extends for 45 days from the entry of this Order the time in which Mr. Rowe has to serve defendants City of England, Mr. Bull, and Mr. Paulus (Dkt. No. 12).

### A. Factual Background

Plaintiff Mr. Rowe initiated this lawsuit in Arkansas state court in the Circuit Court of Lonoke County, Arkansas (Dkt. No. 2). On March 5, 2021, the Lonoke County Circuit Clerk issued summons for all defendants, except the City of England and Lonoke County (Dkt. No. 12-1). On March 5, 2021, separate defendant Mr. House was served in his individual capacity (Dkt. No. 12-2), and he removed this lawsuit to federal court on April 8, 2021 (Dkt. No. 1). Separate defendants maintain that, since that time, neither the City of England, Mr. Bull, nor Mr. Paulus has been served. They correctly note that Mr. Rowe has had nearly a year since this case was removed to federal court to file suit (Dkt. No. 16). Therefore, they move to dismiss without prejudice Mr. Rowe's claims against them.

Mr. Rowe opposes the motion to dismiss but offers no explanation or reason for the delay in obtaining service (Dkt. No. 14).

### B. Controlling Law

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In other words, if the Court concludes that there is good cause for plaintiff's failure to serve timely, the Court *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice.

3

*Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Under controlling law, to warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *Colasante v. Wells Fargo Corp.*, 81 F.App'x. 611, 613 (8th Cir. 2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

1. **Good Cause Pursuant To Rule 4**

Federal Rule of Civil Procedure 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002); *see also Colasante*, 81 F.App'x. at 613 ("There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."). "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams,* 74 F.3d at 887. "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." Wright & Miller § 1137, *supra* at 342.

At its core, however, the standard of good cause is "necessarily amorphous" with the determination entrusted to the sound and considerable discretion of the district court. *Colasante,* 81 F.App'x. at 613; *see also Kurka*, 628 F.3d at 958.

4

### 2.     Excusable Neglect Pursuant To Rule 4

The Eighth Circuit Court of Appeals has described excusable neglect as "an 'elastic concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6(b)) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)).  "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.*

In determining whether neglect is excusable, the following factors are particularly important:  (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted).  These factors do not bear equal weight; the reason for delay is generally a key factor in the analysis.  *See In re Guidant Corp.,* 496 F.3d at 867.

Because the judicial preference is for adjudication on the merits, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant. *See Chorosevic,* 600 F.3d at 947 (finding the denial of a motion to file out of time would have imposed on the appellees a severe penalty unmatched by any prejudice to the appellant). "However, 'the running of the statute of limitations does not require the district court to extend time for service of process.'" *Adams,* 74 F.3d at 887 (quoting *Petrucelli,* 46 F.3d at

1306); *see also Colasante,* 81 F.App'x. at 613 (holding the district court did not abuse its discretion in finding no good cause or excusable neglect in the plaintiff's "inattention to procedural rules," even though dismissal without prejudice effectively barred plaintiff's claim).

    **C.**    **Analysis**

In his complaint, Mr. Rowe asserts claims under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution, and common law tort and negligence (Dkt. No. 2, at 1). Mr. Rowe's claims arise out of events that occurred on or about November 7, 2018 (*Id.*, at 4). The Arkansas savings statute applies to causes of action brought pursuant to 42 U.S.C. § 1983 and to Arkansas state law claims that have been timely filed initially. *See Baker v. Chisom*, 501 F.3d 920, 922-23 (8th Cir. 2007). Mr. Rowe cites that this case was removed as the reason for his delay in serving the remaining defendants.

On the record before the Court, the Court does not find good cause so as to require the Court to grant the requested extension. However, the Court finds excusable neglect under the circumstances presented and extends for 45 days from the entry of this Order the time in which Mr. Rowe has to serve defendants City of England, Mr. Bull, and Mr. Paulus, as well as any other remaining defendants not yet properly served.

    **III.**    **Conclusion**

For the foregoing reasons, the Court grants separate defendant Mr. Staley's motion to dismiss (Dkt. No. 4). The Court denies as moot Mr. House's motion to stay (Dkt. No. 8). The Court grants plaintiff Mr. Rowe's motion to dismiss without prejudice separate defendant Little Rock Ambulance Authority (Dkt. No. 10). The Court denies separate defendants City of England, Mr. Bull in his individual and official capacity, and Mr. Paulus in his individual and official capacity's motion to dismiss without prejudice, finds excusable neglect under the circumstances,

and extends for 45 days from the entry of this Order the time in which Mr. Rowe has to serve defendants City of England, Mr. Bull, and Mr. Paulus, as well as any other remaining defendants not yet properly served.

It is so ordered this 14th day of March, 2022.

_____
Kristine G. Baker
United States District Judge